**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RONNIE STOERNER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-3631 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for summary judgment filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Dkt. 14. Plaintiff Ronnie Stoerner has not responded to the motion, and it will therefore be treated as unopposed. *See* S.D. Tex. L.R. 7.4. Having reviewed the motion, the evidentiary record, and the applicable law, the court is of the opinion that the motion for summary judgment should be GRANTED.

**I. BACKGROUND**

Stoerner seeks to prevent the foreclosure sale of his property, which was originally scheduled for September 4, 2018. Dkt. 1, Ex. D–1. On or around April 20, 2006, Stoerner executed a note in favor of First Houston Mortgage, Ltd. Dkt. 14, Ex. A–1. The note, encumbering Stoerner's real property located at 10811 Creektree Drive, Houston, Texas 77070, was in the amount of $170,327.00. *Id.* In connection with this note, Stoerner also executed a deed of trust securing repayment of the note. Dkt. 14, Ex. A–2. The note and the deed of trust (collectively, the "Loan") were subsequently assigned to Wells Fargo. Dkt.14, Ex. C, D. Wells Fargo is the current holder of the note and the servicer of the Loan. Dkt. 14, Ex. A ¶ 4.

Under the terms of the Loan, failure to make monthly payments due on the first of every month constitutes a default and is grounds for acceleration of the amount owed and foreclosure. Dkt. 14, Ex. A–2 ¶¶ 9, 18. Stoerner failed to submit the monthly payment due on February 1, 2018, and Wells Fargo sent a notice to cure the default dated March 20, 2018, by certified mail to the property address. Dkt. 14, Ex. A–4. This notice advised Stoerner that payments had not been made and he needed to pay a certain amount by April 24, 2018, or risk acceleration of the Loan and foreclosure. *Id*. Stoerner failed to cure the default, and Wells Fargo sent a notice of acceleration with an enclosed notice of foreclosure sale dated June 29, 2018, by certified mail to the property address. Dkt. 14, Ex. B–1. This notice stated that the foreclosure sale would occur on September 4, 2018. *Id*. Stoerner alleges that he did not receive the notice of default or the notice of foreclosure sale. Dkt. 1, Ex. D–1 ¶¶ 14–15.

Stoerner filed this suit alleging improper acceleration of the Loan, no notice of foreclosure sale, suit to remove cloud and quiet title, permanent injunction, declaratory judgment (as to standing), declaratory judgment (as to procedural defects), and breach of contract in the 113th Judicial District in Harris County, Texas. Dkt. 1, Ex. D–1 ¶¶ 17–33. Stoerner obtained a temporary restraining order on August 31, 2018, to prevent the foreclosure sale. Dkt. 1, Ex. D–2. Wells Fargo timely removed the action to federal court based on diversity jurisdiction (Dkt. 1, Ex. A), and now moves for summary judgment on all of Stoerner's claims. Dkt. 14. Stoerner has not responded, and the motion will therefore be treated as unopposed. *See* S.D. Tex. L.R. 7.4.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R.Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008). Given that this court sits in diversity jurisdiction over this action, it is undisputed that the substantive law of Texas applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938).

### III. ANALYSIS

Wells Fargo asks the court to dispose of Stoerner's claims as a matter of law because Stoerner: (1) was properly provided notice of default in order for Wells Fargo to accelerate the Loan; (2) was properly provided notice of foreclosure; (3) defaulted on his mortgage payments and therefore does not hold a superior title to the property; (4) failed to show that he tendered performance or that Wells Fargo breached the deed of trust; and (5) failed to state a cause of action that entitles him to declaratory judgment, permanent injunction, or attorneys' fees. Dkt. 14 at 4–10.

#### A.    Improper Acceleration of the Loan

Stoerner alleges that no notice of default was given to him and thus proper acceleration of the Loan did not take place under Texas law. Dkt. 1, Ex. D–1 ¶¶ 17–18. Stoerner asserts that because he was not given a notice of default, he was not notified of Wells Fargo's intent to accelerate

the Loan and foreclose, and therefore Wells Fargo improperly accelerated his Loan and cannot seek foreclosure. *Id.*

Texas law requires that where the holder of a promissory note has the option to accelerate maturity of the note upon the maker's default, equity demands notice be given of the intent to exercise the option. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982). "In the case of a mortgage secured by a deed of trust, such notice must afford an opportunity to cure the default and bring home to the mortgagor that failure to cure will result in acceleration of the note and foreclosure under the power of sale." *Id.*

Wells Fargo presents evidence that it provided notice of Stoerner's default to Stoerner on March 20, 2018. Dkt. 14, Ex. A–4. This notice stated that payments had not been made, that to cure the default Stoerner must pay $3,092.31 by April 24, 2018, and that failure to do so by that date would result in acceleration of the Loan. *Id.* On June 29, 2018, Wells Fargo sent a notice of acceleration to Stoerner. Dkt. 14, Ex. B–1. Both of these notices were sent via certified mail to the property address. Dkt. 14, Exs. A–4, B–1.

The summary judgment evidence clearly indicates that Wells Fargo sent Stoerner a notice of default that provided him with Wells Fargo's intent to accelerate and an opportunity to cure before the notice of acceleration was sent, as required by Texas law. Dkt. 14, Exs. A–4, B–1. Stoerner has not presented any issues of material fact precluding summary judgment on his claim regarding improper acceleration of the Loan. Accordingly, Wells Fargo's motion for summary judgment with regard to the improper acceleration of the Loan claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**B.    No Notice of the Foreclosure Sale**

Stoerner alleges that Wells Fargo did not give him notice of the foreclosure sale. Dkt. 1, Ex. D–1 ¶ 21. Stoerner asserts that because the notice of foreclosure sale was not properly served on him as required by applicable law, he was not able to seek reinstatement of his Loan and therefore Wells Fargo cannot seek foreclosure. *Id.*

Section 51.002(d) of the Texas Property Code requires service of "written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." Tex. Prop. Code. § 51.002(d). Under section (b), notice of the sale "must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by" posting notice at the courthouse, filing it with the county clerk, and "serving written notice of the sale by certified mail on each debtor . . . ." Tex. Prop. Code. § 51.002(b).

As discussed above, Wells Fargo presents evidence that it provided notice of Stoerner's default to Stoerner on March 20, 2018. Dkt. 14, Ex. A–4. This notice stated that payments had not been made, that to cure the default Stoerner must pay $3,092.31 by April 24, 2018, and that failure to do so by that date would result in acceleration of the Loan. *Id.* The notice also stated that Wells Fargo "may also take other steps allowed by [Stoerner's] mortgage or deed of trust and/or state law, including foreclosure." *Id.* On June 29, 2018, Wells Fargo sent a notice of acceleration with an enclosed notice of substitute trustee's sale set to occur on September 4, 2018. Dkt. 14, Ex. B–1. All of these notices were sent by certified mail to the property address. Dkt. 14, Exs. A–4, B–1.

The summary judgment evidence clearly indicates that Wells Fargo sent Stoerner a notice of default at least 20 days before the notice of substitute trustee's sale. Dkt. 14, Exs. A–4, B–1. The

notice of substitute trustee's sale was sent at least 21 days before the sale was set to occur. Dkt. 14, Ex. B–1. Both of these notice periods comply with the Texas statutory requirements. Stoerner has not presented any issues of material fact precluding summary judgment on his claim of no notice of foreclosure sale. Accordingly, Wells Fargo's motion for summary judgment with regard to the no notice of foreclosure sale claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

### C. Suit to Remove Cloud and Quiet Title

Stoerner alleges that he is the undisputed owner of the property by virtue of the recorded deed. Dkt. 1, Ex. D–1 ¶ 23. Stoerner asserts that Wells Fargo has clouded Stoerner's title by claiming that Wells Fargo has a lien for security purposes on Stoerner's property and that Wells Fargo has the power to foreclose on said property. *Id.* ¶ 24.

A quiet title claim seeks to destroy a cloud on title created by an allegedly invalid claim made by a defendant. *Turner v. AmericaHomeKey, Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (citing *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)). In order to quiet title in his favor, Stoerner must assert: "(1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that . . . would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am.*, 566 F. App'x 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.— Houston [1st Dist.] 2011, no pet.)). Stoerner must recover on the strength of his or her own title and must not otherwise rely on the weakness of a defendant's title. *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 716 (5th Cir. 1951); *see also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

6

An important consideration when deciding a quiet title claim where no foreclosure sale has occurred is whether plaintiff has "tender[ed] whatever amount is owed on the note." *Jemison v. CitiMortgage, Inc.*, No. H-13-2475, 2014 WL 2739351, at \*18 (S.D. Tex, June 14, 2014) (Rosenthal, J.) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)). "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Id*.

The record shows an unbroken chain of title to the deed of trust from Mortgage Electronic Registration Systems, Inc. to Wells Fargo. Dkt. 14, Exs. C, D. Wells Fargo has presented evidence that Stoerner was in default on the amount owed on the Loan payable to Wells Fargo. Dkt. 14, Ex. A–4. Stoerner has not contested that he was in default, or presented evidence that he has tendered the amount due on the Loan as necessary to assert a claim to quiet title. *See Jamison*, 2014 WL 2739351, at \*18. Therefore, Stoerner's claim to superior title must fail. Accordingly, Wells Fargo's motion for summary judgment on the claim to remove cloud and quiet title is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

### D.      Breach of Contract

Stoerner alleges that Wells Fargo did not comply with the pre-foreclosure notice provisions of the deed of trust. Dkt. 1, Ex. D–1 ¶ 31. Stoerner asserts that Wells Fargo breached the deed of trust and the Texas Property Code by attempting to foreclose upon the property without giving him notice of the foreclosure sale. *Id*. ¶ 32. The deed required Wells Fargo to mail Stoerner a copy of the notice of sale in the manner prescribed by applicable law. Dkt. 14, Ex. A–2 ¶ 18.

In order to prevail on a breach of contract claim, a plaintiff must demonstrate: (1) that a valid contract exists; (2) performance or tendered performance; (3) that the defendant has breached the contract; and (4) that the plaintiff sustained damages as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009); *Brown v. Wells Fargo, N.A.*, No. H-13-3228, 2015 WL 926573, at *6 (S.D. Tex. Mar. 4, 2015) (Miller, J.). A party to a contract who has failed to perform his or her obligations is unable to maintain a suit for the breach of said contract. *Kaechler v. Bank of Am., N.A.*, No. H-12-423, 2013 WL 127555, at *3 (S.D. Tex. Jan. 9, 2013) (Ellison, J.). Generally, the second element of the claim cannot be established if a homeowner has defaulted on a mortgage payment. *See Brown*, 2015 WL 926573, at *3; *Owens v. Bank of Am., N.A.*, No. H-11-2552, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012) (Hoyt, J.) ("[T]he plaintiffs have undisputedly not performed their contractual obligations because they have not stayed current on their mortgage payments.").

As discussed above, Wells Fargo has presented evidence that it mailed Stoerner a copy of the notice of sale in accordance with the requirements of the deed of trust and applicable Texas law. Dkt. 14, Ex. B–1. The notice reveals that Stoerner has not tendered performance on his obligation to make payments on the Loan, and that Wells Fargo did not fail to comply with the pre-foreclosure notice provisions of the deed of trust. *Id*.

Stoerner has not presented any evidence that would otherwise prove Wells Fargo was in breach of contract, and therefore cannot maintain his claim for breach of contract. Accordingly, Wells Fargo's motion for summary judgment with regard to the breach of contract claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**E.     Declaratory Judgment, Injunctive Relief, and Attorney's Fees**

Stoerner requests the following declarations: (1) that Wells Fargo does not have standing to seek non-judicial foreclosure of the listed property; (2) specification of Stoerner's and Wells Fargo's rights and duties in connection with the deed of trust; (3) whether Wells Fargo followed the proper procedure pursuant to the deed of trust, the Texas property code, and the Texas Rules of Civil Procedure; and (4) that Wells Fargo does not have the power of sale pursuant to the deed of trust for the September 4, 2018 foreclosure. Dkt. 1. Ex. D–1 ¶¶ 26–29. Stoerner also requests a permanent injunction and attorney's fees. *Id*. ¶¶ 25, 34–35.

Wells Fargo argues that all of the requested declarations pertain to Stoerner's contention that Wells Fargo did not properly notice the foreclosure. Dkt. 14. Wells Fargo thus asserts that since those claims fail, the request for declaratory relief, injunctive relief, and attorney's fees must also fail. Dkt. 14.

Wells Fargo has met its burden with regard to Stoerner's claims, and Stoerner has not met his burden of demonstrating that there is an issue of material fact. Stoerner's claims for declaratory relief, injunctive relief, and attorney's fees all hinge on the viability of his other claims, all of which fail. Accordingly, Wells Fargo's motion for summary judgment on the claims for declaratory relief, injunctive relief, and request for attorney's fees is GRANTED, and these claims are DISMISSED WITH PREJUDICE.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo's motion for summary judgment (Dkt. 14) is GRANTED. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on August 5, 2019.

_____
Gray H. Miller
Senior United States District Judge